**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DISTRICT**

---

Civil No. 01-CV-1534 (DWF/AJB)

Allied Professionals, Inc., CareMate Corporation, Caring Needs, Inc., Front Line Care, Inc., Help Personnel Network, Inc., Heritage Health Service, LLC, Pro Medical Staffing, Inc., Infinity Care Systems, Inc., Clinicians on the Move, Inc., Infinity Health Care, Inc. d/b/a Firstat Nursing Services, Kind Hearts, LLC, LovingCare Nursing & Home Care Services, Inc., Metropolitan Preferred Care, Ltd., Minnesota Professional Nursing Services, Inc., d/b/a MinnPro, North Star Nursing Temporary Associates, Inc., Tom Kasera, a sole proprietor d/b/a Nursing Alliance, Quality Care Consulting, Inc., Quality Touch Health Care, Inc., Rostel Nursing Care, Inc., Summit Healthcare Services Co., The Nurse Connection, Inc., Total Nursing Care, Inc., d/b/a Total Nursing Care Services, Ultimate Work Connection, Inc., First Choice Nursing Services, Inc., Efficient Medical Services, Inc., HealthStar Staffing, Inc., Lifecycle Health Services, Inc., Caring Touch Nurses, Inc., Around the Clock Nursing Care, Inc., Healthcare Options, Inc., Twenty Four Hour Temporary Services, Inc., Quest Nursing & Homecare Services, Inc., Interim HealthCare, Inc., First Resource Nursing Services, Inc., Americare Staffing Services, Inc., Angela Isenberger, an individual, and Kathy Upsher, an individual,

Plaintiffs,

vs.

Jan Malcolm in her individual capacity and in her official capacity as Minnesota's Commissioner of Health and Michael O'Keefe in his individual capacity and in his official capacity as Minnesota's Commissioner of Human Services,

Defendants.

---

**ORDER**

---

FILED OCT 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

On October 17, 2001, this case came before the Court for hearing (an informal telephone conference) regarding Defendant's objection to Interrogatory No. 21 of Plaintiffs' Interrogatories, because of concerns that a response would require disclosure of data classified as "private data" under the Minnesota Government Data Practices Act, Minn. Stat. § 13.46, subd. 2 (2000). The Court has reviewed the issue in accordance with the requirements of the Minnesota Government Data Practices Act, Minn. Stat. § 13.03, subd. 6 (2000), and finds that the data is relevant and releasable pursuant to the Federal Rules of Civil Procedure. The Court further finds that the benefit to the Plaintiffs in obtaining the data outweighs any harm to the confidentiality or privacy interests of any person identified by implication in the data. The Court further finds that because the identity of any persons is not directly disclosed in the data and the data will be treated as "Not Public" according to the Protective Order to be issued in this case, no notice to any subject of the data is warranted. Therefore, IT IS HEREBY ORDERED THAT:

1. With respect to Interrogatory No. 21 of Plaintiffs' Interrogatories, Defendants shall fully and completely answer the Interrogatory, and to protect the confidential nature of the information, the data contained therein shall be treated as information that is "Not Public," pursuant to the Protective Order to be issued in this case.

Dated: 10/17/01

Arthur J. Boylan
United States Magistrate Judge