**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DISTRICT**

---

Allied Professionals, Inc., CareMate Corporation, Caring Needs, Inc., Care Network, Inc., Front Line Care, Inc., Help Personnel Network, Inc., Heritage Health Service, LLC, Pro Medical Staffing, Inc., Infinity Care Systems, Inc., Clinicians on the Move, Inc., Infinity Health Care, Inc. d/b/a Firstat Nursing Services, Kind Hearts, LLC, LovingCare Nursing & Home Care Services, Inc., Metropolitan Preferred Care, Ltd., Minnesota Professional Nursing Services, Inc., d/b/a MinnPro, North Star Nursing Temporary Associates, Inc., Tom Kasera, a sole proprietor d/b/a Nursing Alliance, Quality Care Consulting, Inc., Quality Touch Health Care, Inc., Rostel Nursing Care, Inc., Summit Healthcare Services Co., The Nurse Connection, Inc., Total Nursing Care, Inc., d/b/a Total Nursing Care Services, Ultimate Work Connection, Inc., First Choice Nursing Services, Inc., Efficient Medical Services, Inc., HealthStar Staffing, Inc., Lifecycle Health Services, Inc., Caring Touch Nurses, Inc., Around the Clock Nursing Care, Inc., Healthcare Options, Inc., Twenty Four Hour Temporary Services, Inc., Quest Nursing & Homecare Services, Inc., Interim HealthCare, Inc., First Resource Nursing Services, Inc., Americare Staffing Services, Inc., Angela Isenberger, an individual, and Kathy Upsher, an individual,

Civil No. 01-CV-1534 (DWF/AJB)

Plaintiffs,

vs.

Jan Malcolm in her individual capacity and in her official capacity as Minnesota's Commissioner of Health and
Michael O'Keefe in his individual capacity and in his official capacity as Minnesota's Commissioner of Human Services,

Defendants.

---

**PROTECTIVE ORDER**

---

FILED OCT 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

WHEREAS, pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled action could and will involve the disclosure of data classified under the Minnesota Government Data Practices Act ("MGDPA") or other state law classifying data as not public, including confidential business information deemed to be trade secrets;

NOW, THEREFORE, Plaintiffs and Defendants by and through their respective undersigned counsel, hereby STIPULATE and AGREE to the request for, and entry of, the following Protective Order to govern the parties' disclosure of such information:

1. This Protective Order governs the designation, disclosure and use of Protected Information, as defined in Paragraph 2 herein, by the parties in this action. This Order shall govern any Protected Information designated, disclosed or used by the parties in this action prior to, and in anticipation of, the entry of this Order. This Order shall govern such matters until superseded or amended by a further order of this Court.

2. The term "Protected Information" shall mean any part of a document, testimony, interrogatory answer, admission, affidavit or other form of evidence or discovery containing data designated as not public pursuant to the MGDPA, Chapter 13 of Minnesota Statutes, or other state law classifying data. Any such Protected Information produced by any party or nonparty as part of discovery in this action may be designated under the terms of this Protective Order by such party or nonparty by marking or identifying such information as "NOT PUBLIC," as set forth in Paragraph 5 herein. Any documents produced with the designation "CONFIDENTIAL" shall be deemed to be designated "NOT PUBLIC" unless the producing party indicates otherwise.

3. A party may designate as "not public" any data that such party believes in good faith constitutes or embodies confidential proprietary or commercially sensitive data used in or pertaining to its business and that the party deems to be trade secret information.

4. As a general guideline, information or materials designated as Protected Information shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties, including but not limited to lobbyists, unions, trade associations, nursing homes or any counsel who also represent any nursing homes or trade associations. The substance or contents of any Protected Information, as well as any notes, abstracts, copies, summaries, and/or memoranda revealing the substance or contents of the Protective Information, shall not be disclosed to anyone other than a person entitled to obtain Protected Information pursuant to this Protective Order. Absent a specific order by this Court, once designated as Protected Information, such Protected Information shall be used by the parties solely in connection with this litigation, and not for any business, or competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. The designation of information or material as Protected Information for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(1) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions): By affixing the legend "NOT PUBLIC" to each page of the document where any not public data appears at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the not public nature of the information or material disclosed and sought to be protected hereunder; and

(2) In the case of depositions (i) By a statement on the record, by counsel, that the entire transcript or a portion thereof shall be designated as Protected Information and that the legend "NOT PUBLIC" shall be affixed to the first page of such transcript and to the not public portions thereof; or (ii) By written notice of such designation sent by counsel to all parties within thirty (30) days after the mailing to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of

this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed Protected Information and marked as "NOT PUBLIC." The parties shall treat all deposition testimony as Protected Information hereunder until the expiration of thirty (30) days after the mailing to counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as Protected Information is used during the course of a deposition, that portion of the deposition record reflecting such not public information shall be sealed and stamped with the designation "NOT PUBLIC", and access thereto shall be limited pursuant to the other terms of this Protective Order.

(3) Any documents, pleadings, discovery responses or other materials provided hereto by any party with the designation "CONFIDENTIAL" shall be deemed to be "NOT PUBLIC" unless the producing party indicates otherwise.

6. Information or material designated as Protected Information or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(1) Any attorney representing a PARTY in this action and any regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation. This DOES NOT include any attorneys who also represent any nursing homes, unions, or trade associations, but rather only those attorneys who represent and are counsel of record for Jan Malcolm and Michael O'Keefe'

(2) Employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

(3) Consultants as defined in Paragraph 7 herein;

(4) Any person examined as a witness during a deposition;

(5) Any personnel of the Court and court reporters or videographers retained to record or transcribe testimony in this action;

(6) Graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

(7) Personnel of photocopy firms who subscribe to and agree to be bound by the terms of this Protective Order;

(8) Any other person only upon order of the Court or upon written consent of the party producing the confidential information or material; and

(9) Protected Information may be disclosed to any person if it is "summary data." Summary data means information, records or reports derived from not public data on individuals or entities in which the individuals or entities are not identified and from which neither their identities nor any other characteristic that could uniquely identify them is ascertainable.

7. For purposes of Paragraph 6(3) herein, a consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. A consultant may be given access to information or material designated as Protected Information, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Protective Order Agreement form attached hereto as Exhibit A.

8. All persons listed in Paragraph 6(4) herein may be given access to information or material designated as Protected Information, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Protective Order Agreement form attached hereto as Exhibit A.

9. Any person may be examined as a witness during a deposition concerning any Protected Information provided that the examining party makes a reasonable effort to obtain the witness' compliance with Paragraph 8.

10. Counsel of record for each party shall maintain the original signed Protective Order Agreement.

11. When any Protected Information, or any pleadings, memoranda or other papers containing Protected Information, is lodged or filed with the Court, it shall be delivered in a *sealed envelope* to the Clerk of the Court with a statement substantially in the following form:

**NOT PUBLIC DATA**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER OR OTHER ORDER OF THE COURT.**

12. A party may challenge the other party's designation of Protected Information at any time by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within five (5) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within five (5) days after conferring with the producing party, with not public portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as Protected Information.

13. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

(1) Operate as an admission by any party receiving Protected Information that the information is properly deemed to be not public data;

(2) Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Protected Information;

(3) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery or to otherwise oppose disclosure of data;

(4) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(5) Prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(6) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly not public information; or

(7) Prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

14. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own not public information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of Protected Information obtained lawfully by such party independently of any proceedings in this action, or which: (1) was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action; (2) is or becomes publicly known through no fault or act of such party; or (3) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

15. If a party inadvertently produces Protected Information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document or it is otherwise known that the information contains not public data, including confidential, proprietary or commercially sensitive data deemed to be trade

secret information of the producing party. As soon as the producing party informs the receiving party of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 6, as well as any copies made by such persons.

16. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout this action, including without limitation any appeals therefrom, and this Court shall retain jurisdiction for enforcement of this Order. Absent further order of the Court, the classification of Protected Information after the final resolution of this action will be governed by the MGDPA and other state law classifying data.

17. If any party: (1) is subpoenaed in another action; (2) is served with a demand in another action to which it is a party; or (3) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as Protected Information by someone other than that party, the party shall give prompt actual written notification, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the Protected Information and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

19. The parties agree that any violation or breach of this Protective Order may subject the offending party to sanctions, including the imposition of monetary sanctions and the award of attorneys' fees and costs to the other party.

Dated: October 24, 2001

ANTHONY OSTLUND & BAER, P.A.

By: Janel Dressen

RICHARD T. OSTLUND, #144277
JOHN P. BOYLE, #186946
JANEL M. DRESSEN, #0302818
90 South Seventh Street, Suite 3600
Minneapolis, MN 55402
(612) 349-6969

ATTORNEYS FOR PLAINTIFFS

Dated: October 18, 2001

MIKE HATCH
Attorney General
State of Minnesota

Kristen M. Olsen

KRISTEN M. OLSEN
Assistant Attorney General
Atty. Reg. No. 30489X

445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
(651) 297-4084 (Voice)
(651) 296-1410 (TTY)

ATTORNEYS FOR DEFENDANT O'KEEFE

Dated: October 18, 2001

MIKE HATCH
Attorney General
State of Minnesota

Ann Beimdiek Kinsella

ANN BEIMDIEK KINSELLA
Assistant Attorney General
Atty. Reg. No. #256201

445 Minnesota Street, #1200
St. Paul, MN 55101-2130
(651)296-6427

ATTORNEYS FOR DEFENDANT
MALCOLM

**ORDER**

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

Dated: 10/26, 2001

DONOVAN W. FRANK
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DISTRICT**

---

Civil No. 01-CV-1534 (DWF/AJB)

Allied Professionals, Inc., CareMate Corporation, Caring Needs, Inc., Care Network, Inc., Front Line Care, Inc., Help Personnel Network, Inc., Heritage Health Service, LLC, Pro Medical Staffing, Inc., Infinity Care Systems, Inc., Clinicians on the Move, Inc., Infinity Health Care, Inc. d/b/a Firstat Nursing Services, Kind Hearts, LLC, LovingCare Nursing & Home Care Services, Inc., Metropolitan Preferred Care, Ltd., Minnesota Professional Nursing Services, Inc., d/b/a MinnPro, North Star Nursing Temporary Associates, Inc., Tom Kasera, a sole proprietor d/b/a Nursing Alliance, Quality Care Consulting, Inc., Quality Touch Health Care, Inc., Rostel Nursing Care, Inc., Summit Healthcare Services Co., The Nurse Connection, Inc., Total Nursing Care, Inc., d/b/a Total Nursing Care Services, Ultimate Work Connection, Inc., First Choice Nursing Services, Inc., Efficient Medical Services, Inc., HealthStar Staffing, Inc., Lifecycle Health Services, Inc., Caring Touch Nurses, Inc., Around the Clock Nursing Care, Inc., Healthcare Options, Inc., Twenty Four Hour Temporary Services, Inc., Quest Nursing & Homecare Services, Inc., Interim HealthCare, Inc., First Resource Nursing Services, Inc., Americare Staffing Services, Inc., Angela Isenberger, an individual, and Kathy Upsher, an individual,

Plaintiffs,

vs.

Jan Malcolm in her individual capacity and in her official capacity as Minnesota's Commissioner of Health and Michael O'Keefe in his individual capacity and in his official capacity as Minnesota's Commissioner of Human Services,

Defendants.

**EXHIBIT A TO PROTECTIVE ORDER**

**PROTECTIVE ORDER AGREEMENT**

1. My full name is ______________________________________.

2. My address is ________________________________________.

3. My present employer is _________________________________.

4. My present occupation or job description is

___________________________________________________________

___________________________________________________________.

1. I have received a copy of the Protective Order entered in the above-captioned action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

2. I will not disclose any Protected Information to anyone not identified in Paragraph 6 and 7 of the Protective Order. I will use such information only with respect to this action.

3. I will return all Protected Information that comes into my possession, and all documents or things which I have prepared relating to such information, to an attorney representing the party that has employed or retained me.

4. I submit to the jurisdiction of the above-listed Court for the purpose of enforcement of this Protective Order.

Dated: _______________, 2001 By:__________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.