**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 01-1534 (DWF/AJB)

Allied Professionals, Inc.; CareMate Corporation; Caring Needs, Inc.; Front Line Care, Inc.; Help Personnel Network, Inc.; Heritage Health Service, LLC; Pro Medical Staffing, Inc.; Infinity Care Systems, Inc.; Clinicians on the Move, Inc.; Infinity Health Care, Inc. d/b/a/ Firstat Nursing Services; Kind Hearts, LLC; LovingCare Nursing & Home Care Services, Inc.; Metropolitan Preferred Care, Ltd.; Minnesota Professional Nursing Services, Inc. d/b/a MinnPro; North Star Nursing Temporary Associates, Inc.; Tom Kasera, a sole proprietor d/b/a Nursing Alliance Quality Care Consulting, Inc.; Quality Touch Health Care, Inc. d/b/a Total Nursing Care Services; Rostel Nursing Care, Inc.; Summit Healthcare Services Co.; The Nurse Connection, Inc.; Total Nursing Care Services, Inc.; Ultimate Work Connection, Inc.; First Choice Nursing Services, Inc.; Efficient Medical Services, Inc.; HealthStar Staffing, Inc.; Lifecycle Health Services, Inc.; Caring Touch Nurses, Inc.; Around the Clock Nursing Care, Inc.; Healthcare Options, Inc.; Twenty Four Hour Temporary Services, Inc.; Quest Nursing & Homecare Services, Inc.; Interim HealthCare, Inc.; First Resource Nursing Services, Inc.; Americare Staffing Services, Inc.; Angela Isenberger, an individual; Kathy Upsher, an individual, and Care Network, Inc.,

Plaintiffs,

**AMENDED ORDER**

v.

Jan Malcolm in her official capacity as Minnesota's Commissioner of Health, and Michael O'Keefe in his official capacity as Minnesota's Commissioner of Human Services,

Defendants,

and

Union Coalition of Long-Term Care Workers; Advocacy Center for Long-Term Care; League of Women Voters of Minnesota; and Alzheimer's Association,

Movants.

NOV 2 6 2001
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Rich Ostlund, Esq., Anthony Ostlund & Baer, P.A., 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402, appeared on behalf of Plaintiffs.

Ann Beimdiek Kinsella, Esq., Tom Bailey, Esq., and Frank Ling, Esq., Office of the Attorney General, 445 Minnesota Street, St. Paul, MN 55101-2130, appeared on behalf of Defendants.

On November 21, 2001, this Court issued an order in the above-entitled matter; that order granted in part Plaintiffs' request for a preliminary injunction. Specifically, the Court enjoined enforcement of the last sentence of Section 2, subd. 6, of 2001 Minnesota Laws, 1st Special Session, Chapter 9, Article 7 (entitled "Regulation of Supplemental Nursing Services Agencies), adopted by the Minnesota Legislature on June 29, 2001, and signed into law by Governor Jesse Ventura on June 30, 2001 ("the Act"). The Court further vacated, effective immediately, an earlier temporary restraining order.

At the request of the parties, the Court hereby clarifies its position as to the vacation of the temporary restraining order. The Court understands that the effect of the November 21, 2001, order is to allow the Defendants to enforce a variety of regulations contained in the Act as against the Plaintiffs. Plaintiffs have asserted that many of these provisions are unconstitutional and that the effect of enforcing them will be irreparable harm to the Plaintiffs. The Court, however, determines that no stay of the enforcement of the preliminary injunction or stay of the vacation of the temporary restraining order is necessary.

The Court makes that determination based on the representation of the Defendants that, although the Defendants may begin administrative implementation of the Act (with the exception of the one provision enjoined), the Defendants will not enforce the Act as against the Plaintiffs until at least January 2, 2002. The Court understands that the Defendants will begin the process

of registering SNSAs, assessing fees, engaging in background checks, etc. However, other provisions–such as the wage cap and the hour requirements–will not be enforced until at least January 2, 2002.

The reason for the delay in enforcement is the need to undertake administrative prerequisites to enforcement; the effect of the delay is that there is no need to stay vacation of the temporary restraining order. Accordingly, the Court incorporates the above reasoning into the memorandum accompanying the November 21, 2001, order, and issues the following amended order.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. The Temporary Restraining Order dated August 30, 2001 (Doc. No. 28) is **VACATED**;

2. Plaintiffs' Motion for Preliminary Injunction (Doc. No. 61) is **GRANTED IN PART** as follows:

    a. Defendants are hereby enjoined from administering and enforcing the last sentence of Section 2, subd. 6, of 2001 Minnesota Laws, 1st Special Session, Chapter 9, Article 7 (entitled "Regulation of Supplemental Nursing Services Agencies), adopted by the Minnesota Legislature on June 29, 2001, and signed into law by Governor Jesse Ventura on June 30, 2001.

    b. Plaintiffs are not required to post a bond.

3. Plaintiffs' Motion for Preliminary Injunction is in all other respects denied.

4. In light of the representations of the Defendants that they will not enforce the regulations at issue as against the Plaintiffs until January 2, 2002, the provisions of this order are effective immediately.

Dated: November 26, 2001

DONOVAN W. FRANK
Judge of United States District Court